**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

SARRA LEONHART,

    Plaintiff,

v.

ITT SYSTEMS CORPORATION,

    Defendant.

___

**COMPLAINT**
___

Plaintiff, Sarra Leonhart, by and through her undersigned counsel, for her Complaint against Defendant, ITT Systems Corporation, states as follows:

**PARTIES AND JURISDICTION**

1.    This is an action under the common law of the State of Colorado and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

2.    Plaintiff, Sarra Leonhart, (hereinafter, "Plaintiff" or "Ms. Leonhart") is a female individual of Middle Eastern descent residing in Anchorage, Alaska.  Ms. Leonhart is also Muslim.

3.    Defendant, ITT Systems Corporation (hereinafter, "Defendant" or "ITT") is a Delaware corporation, registered to do business and doing business in the State of Colorado.

4.    Ms. Leonhart is a former employee of Defendant and was an employee within the meaning of 42 U.S.C. § 2000e(f) of Title VII of the Civil Rights Act of 1964.

5. At all times relevant to this action, Defendant was and is an employer within the meaning of 42 U.S.C. § 2000e(b) and has had and does now have at least fifteen employees.

6. Subject matter jurisdiction over this action is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; 28 U.S.C. § 1331; and 28 U.S.C. § 1343. Supplemental jurisdiction over Plaintiff's common law claim is invoked pursuant to 28 U.S.C. § 1367.

7. Venue in the State of Colorado is proper because the Defendant is headquartered in Colorado Springs, Colorado and the unlawful employment practices alleged herein were committed within the State of Colorado.

8. All conditions precedent to jurisdiction have occurred or been complied with: Ms. Leonhart filed a charge of discrimination with the Colorado Civil Rights Division and/or the Equal Employment Opportunity Commission within 300 days of the commission of the unfair employment practice. A notice of right to sue was issued and this Complaint is timely filed within 90 days of the notice of right to sue.

## FACTUAL ALLEGATIONS

9. Ms. Leonhart incorporates by this reference the allegations set forth above in paragraphs 1 through 8.

10. ITT performs numerous contracts for the U.S. government related to defense and space services. Under one of these contracts, ITT provides support to the U.S. Army from a camp located in the Arab emirate of Qatar.

11. Ms. Leonhart was employed by ITT pursuant to a written contract, which was

executed on June 11, 2009.

12. A true and correct copy of the Contract is attached hereto as Exhibit A.

13. Multiple sections of the Contract expressly incorporate the terms of the Offer Letter from ITT to Ms. Leonhart.

14. A true and correct copy of the Offer Letter dated June 5, 2009, is attached hereto as Exhibit B.

15. Ms. Leonhart began working for ITT as an environmental specialist on July 15, 2009.

16. Ms. Leonhart was assigned to work in Qatar.

17. Ms. Leonhart performed her duties in a satisfactory manner.

18. Ms. Leonhart was informed by letter dated November 30, 2009, that her position was being eliminated.

19. Pursuant to the terms of the Contract, when Ms. Leonhart was terminated for the convenience of ITT, she was entitled to the full cost of certain expenses for relocation and repatriation, as well as certain other payments.

20. Ms. Leonhart was informed by ITT that she would be a provided a separation package as a result of her position being eliminated.

21. The separation package to be provided to Ms. Leonhart and other similarly-situated employees included prorated service gratuity, prorated rest & relaxation entitlement payment, prorated home of record entitlement, and the sum of the employee's monthly pay, all through February 7, 2010.  It also included accrued unused annual leave, insured shipment of

household goods, a demobilization airline ticket home and no responsibility for paying mobilization costs.

22.     However, instead of providing Ms. Leonhart with her separation package, ITT abruptly terminated her employment, by letter dated December 21, 2009.

23.     ITT based her termination on false accusations that she damaged a company vehicle while under the influence of alcohol on the evening of December 3, leading into the early morning hours of December 4, 2009.

24.     Two of Ms. Leonhart's co-workers, Ryan Mosley and Brad Henning, travelled to and from a party with Ms. Leonhart on the evening in question.

25.     Messrs. Mosley and Henning also attended the party with Ms. Leonhart that evening.

26.     Mr. Mosley stated in writing on December 6, 2009, that he had not seen Ms. Leonhart drinking at the party and that she was the designated driver because she was a non-drinker that evening.

27.     Both Mr. Mosley and Mr. Henning confirmed that there was no accident while Ms. Leonhart was driving on the evening in question.

28.     In addition, the Qatar police investigated and determined that the damage to the vehicle in question occurred while the vehicle was unattended, that is, while it was parked.

29.     The Qatar police cleared Ms. Leonhart of any wrongdoing in the accident.

30.     ITT conducted an investigation of the damage to the vehicle and had access to all the information in paragraphs 24 through 29, *infra*.

31. ITT knew that the damage to the vehicle occurred while it was parked, through no fault of Ms. Leonhart.

32. ITT reported the accident to the U.S. Army as an unattended vehicle accident.

33. ITT made an insurance claim on the vehicle, stating that the damage occurred while the vehicle was parked.

34. Nevertheless, Ms. Leonhart received noticed of her immediate termination on December 23, 2009.

35. She was told that she had only two days to vacate her company housing and take all of her personal belongings with her.

36. ITT refused to provide a flight home for Ms. Leonhart until the American embassy intervened on her behalf.

37. ITT refused to pay for shipment of Ms. Leonhart's possessions back home.

38. ITT refused to pay any separation package to Ms. Leonhart.

39. Employees who were similarly-situated to Ms. Leonhart were given a reasonable amount of time to vacate their company housing, were provided a flight home and shipment of their possessions at ITT's expense, as well as other payments as part of their contractually-required separation package.

40. Ms. Leonhart incurred medical expenses as a result of the emotional distress of being stranded in Qatar and being forced to make last-minute arrangements to get herself and her belongings back to the United States.

41. On October 18, 2010, Ms. Leonhart filed a Charge of Discrimination based on

gender, religion and national origin with the Colorado Civil Rights Division. On October 19, 2010, Ms. Leonhart filed a Charge of Discrimination based on gender, religion and national origin with the Equal Employment Opportunity Commission.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

42.     Ms. Leonhart hereby incorporates by this reference all of the allegations contained in paragraphs 1 through 41.

43.     On June 11, 2009, Ms. Leonhart and ITT entered into a written contract.

44.     Ms. Leonhart fully performed her obligations under the contract.

45.     ITT  intentionally and materially breached its agreements with Ms. Leonhart by terminating the Contract based on false allegations, by failing to pay Ms. Leonhart all of  the amounts due her under the Contract as a result of her termination for the convenience of ITT, and/or by failing to pay her the separation package promised to her in accordance with the Contract.

46.     As a result of the breach, Ms. Leonhart has suffered actual damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Promissory Estoppel)

47.     Ms. Leonhart hereby incorporates by this reference all of the allegations contained in paragraphs 1 through 46.

48.     ITT made promises to Ms. Leonhart regarding continued employment and compensation to be paid to her as a result of her accepting an assignment outside of this country,

in Qatar.

49. ITT made promises to Ms. Leonhart regarding payments to be made to her as a result of the elimination of her position.

50. ITT should have reasonably believed that its promises would induce Ms. Leonhart to forbear seeking other employment, to move outside of this country with her belongings, and to act otherwise according to the security the promises induced.

51. ITT's promises did induce Ms. Leonhart's justifiable and detrimental reliance.

52. In the interests of equity and justice, Ms. Leonhart should be awarded such damages as would make her whole, in amounts to be proven at trial.

### THIRD CLAIM FOR RELIEF
### (Title VII - Gender Discrimination)

53. Ms. Leonhart hereby incorporates by this reference all of the allegations contained in paragraphs 1 through 52.

54. During the course of her work for Defendant, Ms. Leonhart was subjected to differential terms and conditions of employment because of her gender.

55. Those differential terms and conditions of employment included, but were not limited to, being falsely accused of operating a company vehicle while under the influence of alcohol and causing damage to the vehicle; being denied her contractually-required separation package; and being summarily terminated and stranded in Qatar, all because of her gender.

56. Defendant intentionally discriminated against Ms. Leonhart in the terms and conditions of her employment on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

57.     As a direct and proximate result of Defendant's discrimination against Ms. Leonhart, she has suffered monetary damages in the form of lost wages and benefits, past and future; travel and shipping expenses; medical expenses; and other expenses, all in amounts to be proven at trial.

58.     As a direct and proximate result of Defendant's discrimination, Ms. Leonhart has suffered and continues to suffer future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff claims compensatory damages for these losses and injuries.

59.     Defendant's discrimination against Ms. Leonhart was engaged in with malice or with reckless indifference to Ms. Leonhart's federally protected rights.  Ms. Leonhart claims punitive damages for these losses and injuries under Section 102 of the Civil Rights Act of 1991.

### FOURTH CLAIM FOR RELIEF
### (Title VII – Religious Discrimination)

60.     Ms. Leonhart hereby incorporates by this reference all of the allegations contained in paragraphs 1 through 59.

61.     During the course of her work for Defendant, Ms. Leonhart was subjected to differential terms and conditions of employment because of her religion, Muslim.

62.     Those differential terms and conditions of employment included, but were not limited to, being falsely accused of operating a company vehicle while under the influence of alcohol and causing damage to the vehicle; being denied her contractually-required separation package; and being summarily terminated and stranded in Qatar, all because of her religion.

63.     Defendant intentionally discriminated against Ms. Leonhart in the terms and

conditions of her employment on the basis of her religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

64.     As a direct and proximate result of Defendant's discrimination against Ms. Leonhart, she has suffered monetary damages in the form of lost wages and benefits, past and future; travel and shipping expenses; medical expenses; and other expenses, all in amounts to be proven at trial.

65.     As a direct and proximate result of Defendant's discrimination, Ms. Leonhart has suffered and continues to suffer future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff claims compensatory damages for these losses and injuries.

66.     Defendant's discrimination against Ms. Leonhart was engaged in with malice or with reckless indifference to Ms. Leonhart's federally protected rights.  Ms. Leonhart claims punitive damages for these losses and injuries under Section 102 of the Civil Rights Act of 1991.

### FIFTH CLAIM FOR RELIEF
### (Title VII – National Origin Discrimination)

67.     Ms. Leonhart hereby incorporates by this reference all of the allegations contained in paragraphs 1 through 66.

68.     During the course of her work for Defendant, Ms. Leonhart was subjected to differential terms and conditions of employment because of her national origin, Middle Eastern.

69.     Those differential terms and conditions of employment included, but were not limited to, being falsely accused of operating a company vehicle while under the influence of alcohol and causing damage to the vehicle; being denied her contractually-required separation

package; and being summarily terminated and stranded in Qatar, all because of her national origin.

70. Defendant intentionally discriminated against Ms. Leonhart in the terms and conditions of her employment on the basis of her national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

71. As a direct and proximate result of Defendant's discrimination against Ms. Leonhart, she has suffered monetary damages in the form of lost wages and benefits, past and future; travel and shipping expenses; medical expenses; and other expenses, all in amounts to be proven at trial.

72. As a direct and proximate result of Defendant's discrimination, Ms. Leonhart has suffered and continues to suffer future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff claims compensatory damages for these losses and injuries.

73. Defendant's discrimination against Ms. Leonhart was engaged in with malice or with reckless indifference to Ms. Leonhart's federally protected rights. Ms. Leonhart claims punitive damages for these losses and injuries under Section 102 of the Civil Rights Act of 1991.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in her favor and against Defendant as follows:

A. Enter judgment that the practices complained of herein are unlawful and violative of Title VII;

B. Enter judgment for Plaintiff for breach of contract;

C. Enter judgment for Plaintiff under the doctrine of promissory estoppel,

D. Compensate and make whole Plaintiff for all earnings, wages, and other benefits she would have received but for Defendant's wrongful actions;

E. Compensate and make whole Plaintiff for all loss of earning power, diminished reputation and front pay in lieu of reinstatement;

F. Compensate and make whole Plaintiff for damages for emotional distress, personal humiliation, and loss of enjoyment of life;

G. Award punitive damages;

H. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys fees and expert witness fees;

I. Grant Plaintiff injunctive relief;

J. Award Plaintiff interest, pre- and post-judgment;

K. Grant such other relief as may be just and proper.

**PLAINTIFF DEMANDS TRIAL OF THIS CAUSE BY A JURY OF SIX.**

Dated this 5th day of May, 2011.

                                                      Respectfully submitted,

                                                     /s/ Nora V. Kelly
Nora V. Kelly, P.C.
1801 Broadway, Suite 1204
Denver, Colorado 80202
(303) 866-9868
(303) 866-0855 fax
E-mail: nvkesq@qwestoffice.net
**ATTORNEY FOR PLAINTIFF**

**Plaintiff's address:**

1308 F Street, Apt. 4
Anchorage, Alaska 99501