IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01207-LTB-CBS

SARRA LEONHART,

       Plaintiff,

v.

ITT SYSTEMS CORPORATION,

       Defendant.

## STIPULATED PROTECTIVE ORDER

The parties and/or non-parties may possess trade secrets and other confidential business, personal and/or technical information, which may be required to be disclosed during the course of this litigation. The parties wish to limit disclosure and prevent the use of such information for purposes other than the prosecution and defense of this action. Further, the parties wish to facilitate the exchange of documents in a manner that will allow sharing of the documents with party representatives without disclosing confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the stipulation and agreement of the parties to give effect thereto, the following terms of a protective order regarding confidential information are hereby Ordered:

### PROTECTIVE ORDER

1. <u>Confidential Information</u>. The Court retains discretion whether to afford confidential treatment to any document or information contained in any document submitted to the Court. "Confidential Information," for purposes of this Order, is defined

as non-public information that is treated by the proprietor thereof as confidential information and that involves or relates to (a) trade secrets or competitively sensitive proprietary information, or (b) other confidential technical business, operational, or personal information of a party or a third person whose information the party is under a duty to maintain in confidence, including, but not limited to, personnel information concerning third parties, and information concerning the employment or employment history of some of Defendant's current or former employees.  "Confidential Information" shall include all covered information in any form including documents and things incorporating or reflecting Confidential Information including copies, summaries, abstracts, notes, derivatives, electronic information, photographs, negatives, blow-ups, exhibits, and similar things.  No item shall qualify to be protected as Confidential Information after it has been disclosed in a printed publication or other public medium available to the public or trade by reason of dissemination by one having the right to do so, or is generally known throughout the trade and public, or is or comes to be known to the receiving party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Order.  However, until such time as the Court rules on declassification pursuant to Paragraph 2, below, the designation of Confidential Information as CONFIDENTIAL in accordance with Paragraph 3, below, shall be honored by all persons receiving such information in accordance with this Order.

2. <u>Declassification</u>.  The restrictions upon and obligations accruing to persons who become subject to this Order shall not apply to any information produced in accordance with Paragraph 3, below, as to which the Count rules, or the parties agree, is not to be treated as Confidential Information, as defined in Paragraph 1.

3. **Designations**.  Any information produced, orally or written, in this litigation at any time, either voluntarily or pursuant to court order, that is asserted in good faith by the producing party or non-party to contain or constitute Confidential Information shall be so designated by such producing party or non-party, as follows:

      a.    A producing party or non-party, prior to or coincident with supplying copies of documents and things requested by the inspecting party, shall designate such copies as containing Confidential Information by clearly and prominently marking on their face, including each designated page of a multi-page document, the legend CONFIDENTIAL;

      b.    If contained in a written response to a discovery request, such as an interrogatory, the written response shall be designated CONFIDENTIAL;

      c.    If Confidential Information is contained in deposition, hearing, or other testimony, the transcript or portions thereof may be designated as containing Confidential Information in accordance with this Order by so notifying the other parties on the record, at the time of the testimony, or by notifying the other parties in writing, within 30 days after receipt of the transcript by the producing party or non-party, of the specific pages and lines of the transcript that contain such Confidential Information.

4. **Submission to Court**.  All transcripts (of hearings, depositions, or other testimony), exhibits (including demonstrative exhibits), pleadings, discovery responses, and documents or things marked CONFIDENTIAL that are filed with, or submitted to the Court prior to trial, and any pleadings, memoranda, exhibits (including demonstrative exhibits), affidavits, letters, documents, or things filed with, or submitted to the Court prior to trial, or the confidential portions thereof, that reproduce, partially reproduce, or paraphrase, information that has been designated CONFIDENTIAL shall be filed in

accordance with court procedures for filing under seal, along with an appropriate motion, and shall not be available for public inspection pending the Court's ruling on the motion to file under seal. Envelopes used to seal such documents shall carry the caption, the above designation and any other notation required by the Court for designation of confidential materials.

5. <u>Restrictions on Disclosure of Confidential Documents</u>. Except with prior written consent of the party producing the Confidential Information, and except as provided elsewhere in this Order and subject to Paragraph 8, documents designated CONFIDENTIAL under this Order and all information contained in them or derived from them, may not be disclosed to any person other than:

    a. The parties, inside counsel, outside counsel for the parties, and the partners, associates, and employees of such attorneys' law firms or legal departments who are working on this litigation;

    b. Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this lawsuit;

    c. Actual or potential deponents or witnesses in this action, if such person had prior lawful access to such information;

    d. Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this lawsuit;

    e. Authors, addressees, and recipients of particular Confidential Information solely to the extent that the disclosing party believes in good faith that the person has previously had lawful access to the particular information disclosed or to be disclosed;

f. Persons whom counsel for the parties believe in good faith to have, or have had, prior access to the particular Confidential Information, or who have been participants in a communication that is the subject of the particular Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated; provided that, unless and until counsel confirms that any such persons have or have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation; and,

g. The Court and its employees, the triers of fact, court reporters transcribing testimony and notarizing officers.

"Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents subject to this order or any or these documents content, except as expressly authorized by this Order.

6. <u>Further Restrictions on Access</u>. Confidential Information produced in accordance with the provisions of Paragraphs 3 and 5, above, shall not be made available to any person under Paragraph 5, above, unless he or she shall have first executed an Undertaking in the form of Appendix 1 to this Order, except that a partner of a law firm representing a party, upon notifying all attorneys and employees of the firm working on this litigation of the terms of this Order, may sign a single Undertaking on behalf of the firm and its employees. Counsel for each party shall maintain a file

containing the original Undertakings executed by each individual from whom counsel obtained such an Undertaking.

7. <u>Use of Confidential Information</u>. All Confidential Information produced in accordance with the provisions above shall be utilized solely and exclusively for purposes of this action, including any appeals. Confidential Information may not be used in connection with any other litigation, actual or contemplated, or for any other purpose whatsoever, absent agreement by the parties or an order of this Court or of a Court having jurisdiction over the producing party or person. Use for purposes of this litigation shall include use in testimony and as exhibits at trial, in connection with motions, depositions, witness preparation, and counsel pretrial investigations, subject to the restrictions of this Order. A party or person may use his, her, or its own designated Confidential Information for any purpose whatsoever.

8. <u>Disputes as to Designations</u>.

    a. Compliance with D.C. COLO. LCIVR 7.1(A). If a party to this Order who receives any Confidential Information disagrees with respect to its designation as Confidential Information, in full or in part, that party shall not file a Motion asking the Court to resolve the dispute without first satisfying the requirements of D.C.COLO.LCivR 7.1(A), which requires the moving party to certify that it "has conferred or made reasonable good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter." More specifically, the party questioning the validity of the opposing party's designation of information as CONFIDENTIAL shall notify the producing party or third person in writing, and they will thereupon confer as to the designation and/or status of the subject information proffered within the context of this Order, and in so conferring shall consider withdrawing all or part of the designation

or the practicality of redacting the confidential parts of such information. If the recipient and producing party or non-party are unable to agree upon the designation and/or status of the subject information, the parties shall schedule a telephone conference call with Magistrate Judge Shaffer, at which Magistrate Judge Shaffer will mediate the discovery dispute. Only if mediation proves unsuccessful may the party disputing the designation of information as Confidential Information raise the issue of the designation or status for the Court, which shall consider the issue. The information shall remain confidential in the manner designated unless and until the Court rules to the contrary. In any disagreement over the designation of Confidential Information, the designating party bears the burden of showing that the designated information is Confidential Information within the scope of this Order. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation and shall not constitute an admission that any information is in fact confidential.

    b. <u>Deadlines.</u> Any motion directed to challenging the designation of information as Confidential information shall be filed no later than 30 days before the deadline for discovery.

   9. <u>No Waiver</u>. Nothing in this Order or otherwise shall constitute a waiver of the right of any party to object at trial as to the authenticity, competency, relevance or admissibility of any information, or to the fact that any Confidential Information has been so designated; nor shall this Order constitute a waiver of any party's right to file a motion *in limine* to preclude the trier of fact from being advised of such designation during trial; nor shall this Order, or actions taken or not taken pursuant to it, constitute an admission that materials designated as CONFIDENTIAL are or contain Confidential Information as that term is defined in Paragraph 1 above.

10. <u>Modification</u>.  The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court seeking relief from or otherwise modifying or furthering this Protective Order upon good cause shown.

11. <u>Deposition Transcripts</u>.  A copy of this Order (or, in lieu thereof, an oral explanation, on the record, of its terms by counsel present at the deposition) shall be presented to the court reporter upon the taking of any deposition in this action at or prior to the time when any question is propounded involving Confidential Information. Portions of the original deposition transcript designated as Confidential shall be separately bound by the reporter, marked as provided in Paragraph 3 and on the first page with the title of the Court and the title of the case and shall be delivered to the attorneys representing the parties and deponent at the deposition. The failure of a court reporter to comply with this provision shall not eliminate any previous designations of testimony as Confidential Information made in accordance with this order. Designated portions of copies of the deposition transcript shall be treated as Confidential Information as provided by this Order. If deposition testimony requires the disclosure of Confidential Information of a party, that portion of the deposition will be closed to all persons except the deponent and those persons authorized to have access, the court reporter, and the persons designated in Paragraph 5 of this Order as applicable to the designated level of confidentiality.

12. <u>Survival</u>.  This order shall survive the final termination of this action with respect to any Confidential Information.  Within thirty (30) days of termination of this litigation, at the election of the producing party or non-party, the originals and all copies of Confidential Information shall be destroyed with certification of such destruction provided to counsel for the producing party or shall be returned to the counsel for the party or non-party that produced such Confidential Information, except that counsel

shall be entitled to retain all pleadings, depositions, and discovery responses, as well as exhibits thereto and work product containing such information. This Court shall retain jurisdiction over this Order, the foregoing stipulation, and the parties hereto for the purposes of enforcing this Order adjudicating claims of breaches thereof, and administering damages and other remedies related to any breach of this Order.

13. <u>Inadvertent Disclosures</u>. Any item or information inadvertently furnished by the producing party or non-party during the course of this litigation without a designation of confidentiality may nevertheless subsequently be designated as Confidential Information under this Order, but only under the conditions that counsel for the receiving party (a) subsequently receive written notice from the producing party or non-party of the inadvertence and the request to thereafter treat such information as Confidential, and (b) has a reasonable opportunity to advise others to whom such information had already been disclosed that such information should thereafter be so treated. The parties recognize there can be no retroactive treatment of a document as Confidential.

14. <u>Violation</u>. Any person executing or bound by an Undertaking in the form of Appendix 1 to this Order shall promptly advise counsel representing the party by whom they are employed or on whose behalf they have been retained if such person learns of a violation of this Order. It is the responsibility of counsel who has been informed of a violation of this Order to inform counsel for all other parties or third parties of such violation. In addition, the person learning of a violation and counsel notified by that person shall have a duty to take immediate action to mitigate and remedy any such violation to the extent possible. Compliance with this specific provision will not exempt any person, counsel, or party from sanction by the Court as a result of any violation of this Order.

15. <u>Trial</u>. Prior to a public trial of this action, the parties may apply to the Court for protection of Confidential Information at the trial. This Order does not prohibit the introduction of Confidential Information at trial.

DATED at Denver, Colorado, this 13th day of September, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED: September 1, 2011.

| NORA V. KELLY, P.C. | SHERMAN & HOWARD L.L.C. |
|---|---|
| s/ Nora V. Kelly | s/ Glenn H. Schlabs |
| Nora V. Kelly | Glenn H. Schlabs |
| 1675 Broadway, Suite 2450 | 90 South Cascade Avenue, Suite 1500 |
| Denver, CO 80202 | Colorado Springs, Colorado 80903 |
| (303) 866-9868 | (719) 448-4018 |
| nvkesq@qwestoffice.net | gschlabs@shermanhoward.com |
| Counsel for Plaintiff | Elizabeth B. Chilcoat |
| | 633 Seventeenth St., Suite 3000 |
| | Denver, Colorado 80202 |
| | (303) 299-8070 |
| | echilcoat@shermanhoward.com |
| | Counsel for Defendant |

# **APPENDIX 1**

I, _____, have read or been advised of the terms of the Protective Order dated [DATE] that has been entered in the case captioned <u>SARRA LEONHART, Plaintiff v. ITT SYSTEMS CORPORATION</u>, Civil Action No. 11-cv-01207-LTB-CBS.

In consideration of the disclosure to me of information designated CONFIDENTIAL, as defined in the Protective Order, I agree to be bound by the terms of the Protective Order.

I agree not to disclose or use any CONFIDENTIAL information disclosed to me for purposes other than those permitted under the Protective Order.

I consent to the jurisdiction of the United States District Court, District of Colorado, for the purposes of enforcement of the Protective Order.

_____
[Name]

[Address]