IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 11-cv-01207-LTB-CBS

SARRA LEONHART,

        Plaintiffs,

v.

ITT SYSTEMS CORPORATION,

        Defendants.

___

ORDER
___

      This matter is before me on the Motion for Partial Dismissal **[Doc #7]** filed by Defendant ITT Systems Corporation. Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss three of Plaintiff Sarra Leonhart's five claims as time-barred. For the reasons stated herein, I DENY Defendant's motion.

**I. Background**

      Plaintiff is a Muslim woman of Middle Eastern descent who began working for Defendant as an environmental specialist in Qatar on July 15, 2009, pursuant to an employment contract. Plaintiff was informed on November 30, 2009, that her position was being eliminated. Per her employment contract, Plaintiff was entitled to the full cost of certain relocation and repatriation expenses, as well as other payments. Defendant also told Plaintiff that she would receive a separation package as part of her position's elimination.

On December 23, 2009, Plaintiff received a letter from Defendant dated December 21, 2009, stating that, instead of eliminating her position as she had been previously told, Defendant was terminating her for cause "effective immediately" on grounds impertinent to this motion. This letter was the first notice Plaintiff received that she had been terminated for cause. Because Defendant was terminating Plaintiff for cause, it now refused to provide her relocation and repatriation expenses or a separation package. Plaintiff subsequently filed charges of discrimination based on gender, religion, and national origin with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission (the "EEOC"), on October 19, 2010. She alleged that Defendant terminated her and denied her the attendant support and benefits because she is a Muslim woman of Middle Eastern descent.

Plaintiff filed this action on May 5, 2011, challenging her December 21, 2009, for cause termination and Defendant's denial of benefits and support in conjunction therewith. (To be clear, Plaintiff is not challenging Defendant's November 30, 2009, decision to eliminate her position.) She brings five claims. Her first two, which Defendant's motion leaves untouched, are state law actions. Her other three claims are discrimination on the basis of gender, religion, and national origin, respectively (collectively, the "Challenged Claims"), brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiff alleges that this Court has subject matter jurisdiction over the Challenged Claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over her remaining claims pursuant to 28 U.S.C. § 1367.

## II. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' "

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 556). "Plausibility" in this context "refer[s] to the scope of allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted). As a corollary, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555. When deciding a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). Legal conclusions, however, do not receive this treatment. *Iqbal*, 129 S.Ct. at 1950.

Defendant attaches Plaintiff's EEOC charge to its motion. Consideration of material extraneous to the complaint typically requires a court to convert a Rule 12(b)(6) motion into one for summary judgment. Fed. R. Civ. P. 12(d). If, however, a document is referenced in and central to a complaint, a court may consider it without converting the motion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). I consider Plaintiff's EEOC charge because Plaintiff references it in her complaint, and it is patently central to the complaint. Defendant's motion may therefore remain one pursuant to Rule 12(b)(6).

### III. Discussion

"An employee wishing to challenge an employment practice under Title VII must first 'file' a 'charge' of discrimination with the EEOC." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007) (citing 42 U.S.C. § 2000e-5(e)(1)). This charge must have been filed within 300 days of the alleged discriminatory action. *See Haynes v. Level 3 Communications LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006). More precisely, the charge must have been filed within 300 days of a plaintiff's cause of action accruing. *See id.* Generally, "a cause of action accrues 'on the date the employee is notified of an adverse employment action by the employer.' " *Id.* (quoting *Davidson v. Am. Online Inc.*, 337 F.3d 1179, 1187 (10th Cir. 2003)); *accord Proctor v. UPS*, 502 F.3d 1200, 1206 (10th Cir. 2007). If a plaintiff did not submit an EEOC charge within 300 days of accrual, she may not proceed to court. *Montes*, 497 F.3d at 1163.

Defendant argues that the Challenged Claims should be dismissed as time-barred because Plaintiff filed her EEOC charge outside the 300-day window. The keystone of Defendant's motion is that Plaintiff's claims accrued on December 21, 2009–the date that Defendant terminated Plaintiff for cause. Using this accrual date, the October 19, 2010, EEOC charge was untimely because that date was 302 days after accrual. Plaintiff rejoins that her claims accrued on December 23, 2009, when she received the termination letter, 300 days after which was October 19, 2010, making her EEOC charge timely.

I disagree with Defendant because it neglects the notice requirement for accrual. To determine when the Challenged Claims accrued, and thus when the 300-day clock commenced, the dispositive inquiry is not when Defendant terminated Plaintiff for cause, as Defendant postulates. Rather, as Plaintiff correctly argues, the inquiry is when did she receive notice that she had been

4

terminated for cause. *See Haynes*, 456 F.3d at 1222; *see also Del. State Coll. v. Ricks*, 449 U.S. 250, 259, 261-63 (1980) ("[T]he limitations period commenced to run when the tenure decision was made *and Ricks was notified*. . . . The District Court . . . concluded that the limitations period had commenced to run . . . when the President of the Board *notified Ricks* that he would be offered a 'terminal' contract for the 1974-1975 school year. We cannot say that this decision was erroneous.") (emphases added); *and see Proctor*, 502 F.3d at 1207 ("Because Mr. Proctor asserts that UPS acted with retaliatory intent during the charging period *and the record does not indicate he received notice* of his eventual discharge prior to this period, we conclude that Mr. Proctor's ADA claim is timely.") (emphasis added). Put differently, I must ascertain whether Plaintiff was notified anytime *before December 23, 2009*, that she had been terminated for cause. If I answer in the negative, the Challenged Claims are not time-barred because her EEOC charge would have been filed within the 300-day window. By contrast, if I answer in the affirmative, the Challenged Claims are time-barred because her EEOC charge would have been filed outside the 300-day window.

Plaintiff alleges that she first received notice that she had been terminated for cause on December 23, 2009, via the Defendant's termination letter. At this stage, I do "not weigh the potential evidence that the parties might present at trial" with regard to when Plaintiff received notice. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). I instead accept Plaintiff's factual allegations as true and view all reasonable inferences therefrom in a light most favorable to her. *See Teigen*, 511 F.3d at 1078. Hence, I conclude that the Challenged Claims accrued on December 23, 2009, when Plaintiff received the termination letter. *See Haynes*, 456 F.3d at 1222; *see also Ricks*, 449 U.S. at 259, 261-63; *and see Proctor*, 502 F.3d at 1207. Plaintiff's EEOC charge was thus timely because she filed it within 300 days after December 23, 2009.

Defendant offers three reasons for why the Challenged Claims accrued on December 21 and not December 23–arguments that prove unavailing. The first is that Plaintiff does not dispute that she was in fact terminated for cause on December 21. Here again, Defendant ignores the notice requirement. The Challenged Claims accrued on December 23, 2009, because that was the day Plaintiff received notice that she had been terminated for cause two days prior. *See*, *e.g.*, *Ricks*, 449 U.S. at 259 ("[T]he limitations period commenced to run when the tenure decisions was made *and Ricks was notified*.") (emphasis added). Defendant next contends that by stating in her EEOC charge that December 21, 2009, was the date of the adverse action, Plaintiff evinced that on December 21, 2009, she knew or should have known that Defendant fired her that day. Defendant offers no controlling authority for this argument. The argument is also non-sequitur. Plaintiff stating on October 19, 2010, that she had been terminated for cause on December 21, 2009, does *not* establish that *on December 21, 2009*, she knew or should have known that she had been terminated for cause.

What is most problematic about Defendant's first two arguments is that they contort the accrual rule. Contrary to Defendant's assertion, subsequent appraisal of an adverse action does not relate the date of appraisal back to the date of the adverse action. *E.g.*, *Ricks*, *supra* (holding that a plaintiff's claims accrued and the limitation periods began to run by June 26, 1974, when the plaintiff received notice of the decision to deny him tenure via a letter, and not on March 13, 1974, when the decision to deny him tenure was made). This ineluctably follows from the accrual rule because backdating the date that a plaintiff received notice of an adverse action to the date of the action itself to calculate when the 300-day clock began would obviate the notice inquiry entirely.

Lastly, Defendant contends that Plaintiff's EEOC charge "conflicts" with and "contradicts"

her complaint with regard to the dates, and the date set forth in Plaintiff's EEOC charge as the date of the adverse action–December 21–should control and mark the accrual date.  This argument, like its siblings, ignores that while the adverse action may have occurred on December 21, that is not necessarily when a claim accrues if there is a temporal gap between the action and a plaintiff receiving notice of it, as there is here.  *See Haynes*, 456 F.3d at 1222; *see also Ricks*, 449 U.S. at 259, 261-63; *and see Proctor*, 502 F.3d at 1207.  Plaintiff's EEOC charge and complaint are in harmony because Plaintiff was terminated for cause two days before she was told she had been so terminated.

Accepting as true that December 23, 2009, was when Plaintiff was first notified that she had been terminated for cause, *see Teigen*, 511 F.3d at 1078, leads me to conclude that the Challenged Claims accrued on that day, and, consequently, within 300 days prior to the October 19, 2010, EEOC charge.  This makes Plaintiff's EEOC charge timely.

### IV. Conclusion

For the foregoing reasons, IT IS ORDERED that  ITT Systems Corporation's Motion for Partial Dismissal **[Doc #7]** is DENIED.


Date: November   10  , 2011 in Denver, Colorado.


BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE